IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL FLORES, | ) | No. C 16-0496 JSW (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| vs. | ) ) | |
| WARDEN, | ) ) | (Dkt. No. 3) |
| Respondent. | ) ) ) | |

### INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. He has applied for leave to proceed in forma pauperis.

### BACKGROUND

Petitioner was convicted by a jury in San Francisco County Superior Court in 2000, and sentenced to a term of 24 years in state prison. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review in 2003. Over the next 11 years, Petitioner filed a number of habeas petitions and other post-judgment motions in the San Francisco County Superior Court, most of which were

denied. In 2010, the superior court granted his motion to correct the indictment, and in 2014, the superior court granted further discovery in connection with his motion for modification of the judgment. A motion to the California Court of Appeal was denied in 2015. Petitioner filed a federal habeas petition in 2015 that was dismissed without prejudice, and he filed the instant petition on January 28, 2016.

## DISCUSSION

### I   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II.   Legal Claims

As grounds for federal habeas relief, Petitioner claims that: (1) the prosecutor violated his right to due process by falsifying records and misrepresenting facts; (2) law enforcement violated the Fourth Amendment and concealed exculpatory evidence in violation of due process; and (3) the prosecution presented differing theories of guilt to the grand jury, at trial, and on appeal, in violation of his Fifth, Sixth and Fourteenth Amendment rights. When liberally construed, these claims warrant a response from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one**

**(91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

      3. Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

      4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      5. Leave to proceed in forma pauperis is GRANTED.

      IT IS SO ORDERED.

DATED: <u>February 26, 2016</u>

                                        JEFFREY S. WHITE
                                        United States District Judge